1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                  SOUTHERN DISTRICT OF CALIFORNIA
9

| JAMES PAUL ANDREW TORFASON, CDCR #BM9887, | Case No. 3:22-cv-00680-JO-AHG |
|---|---|

10  JAMES PAUL ANDREW TORFASON,       Case No.  3:22-cv-00680-JO-AHG
11  CDCR #BM9887,
                         Plaintiff,    **ORDER:**
12
13             vs.                     **(1)  GRANTING MOTION TO**
                                       **PROCEED IN FORMA PAUPERIS**
14                                     **[ECF No. 2]; and**
    DEPARTMENT OF TREASURY,
15  INTERNAL REVENUE SERVICE,          **(2)  DISMISSING COMPLAINT**
                        Defendants.    **PURUSANT TO 28 U.S.C.**
16                                     **§ 1915(e)(2)(B)(ii) and 1915A(b)(1)**
17
18

19        Plaintiff James Paul Andrew Torfason ("Plaintiff" or "Torfason") is a state prisoner
20  incarcerated at R.J. Donovan State Prison ("RJD"). Proceeding *pro se*, he filed a civil rights
21  action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff also filed a Motion
22  for Leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF
23  No. 2. For the reasons stated below, the Court grants Plaintiff's motion to proceed IFP but
24  dismisses his complaint with leave to amend.

25                          **I. Motion to Proceed IFP**
26        A party may initiate a civil action without prepaying the required filing fee if the
27  Court grants leave to proceed *in forma pauperis* based on indigency. 28 U.S.C. § 1915(a);
28  *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Plaintiffs who wish to proceed

                                    1

1   IFP must establish their inability to pay by filing an affidavit regarding their income and
2   assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). For prisoners to
3   establish inability to pay, the Prison Litigation Reform Act requires the submission of a
4   "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent)
5   for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C.
6   § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Moreover, prisoners
7   who proceed IFP must repay the entire fee in "increments" or "installments," regardless of
8   whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1) & (2); *Bruce v.*
9   *Samuels*, 577 U.S. 82, 83 (2016).

10      In support of his IFP motion, Plaintiff submitted a Prison Certificate issued by RJD
11  containing information about his prison trust account activity. *See* ECF No. 2 at 1;
12  *Andrews*, 398 F.3d at 1119. This Certificate indicated that Plaintiff had an available balance
13  of $0.00 at the time of filing, has an average monthly balance of $5.85, and an average of
14  $6.16 in monthly deposits. *Id.* Based on this financial information, the Court finds that
15  Plaintiff has established an inability to pay and **GRANTS** Plaintiff's motion to proceed
16  IFP. Plaintiff will be required to repay this amount in installments collected from his trust
17  account as set forth in 28 U.S.C. § 1915(b)(2).

18      **II.    Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**
19  **A.    Legal Standards**

20      Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a
21  prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous,
22  malicious, fails to state a claim, or seeks damages from defendants who are immune. *See*
23  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*,
24  621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has
25  failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the
26  same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."
27  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a
28  complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible

2

1 on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted);

2 *Wilhelm*, 680 F.3d at 1121. While detailed factual allegations are not required,

3 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

4 statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678. The "mere possibility

5 of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall

6 short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572

7 F.3d 962, 969 (9th Cir. 2009).

8 **B.    Discussion**

9       Plaintiff's 1983 claims against the United States Internal Revenue Service and

10 Department of Treasury fail because he has not alleged that state actors, rather than federal

11 actors, violated his constitutional rights. "To establish § 1983 liability, a plaintiff must

12 show both (1) deprivation of a right secured by the Constitution and laws of the United

13 States, and (2) that the deprivation was committed by a person acting *under color of state*

14 *law*." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (emphasis added).

15 Here, Plaintiff claims that the Department of Treasury and Internal Revenue Service

16 violated his constitutional rights by withholding his Coronavirus Aid, Relief, and

17 Economic Security Act ("CARES") check on the grounds that he is a registered sex

18 offender. Compl., ECF No. 1 at 3. Plaintiff brings this action against two federal agency

19 defendants only, the Department of the Treasury and the Internal Revenue Service. He has

20 not identified any state actors who violated his rights. He, therefore, may not proceed

21 against these Defendants under § 1983. *Tsao*, 698 F.3d at 1138.

22       Even if the Court liberally construed Plaintiff's allegations as civil rights claims

23 against federal actors under *Bivens*, his claims against these federal agencies would still

24 fail. Plaintiffs can bring constitutional violations claims against federal actors under *Bivens*

25 *v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971);

26 Such claims are the "federal analogue" to § 1983 claims against state actors. *Hartman v.*

27 *Moore*, 547 U.S. 250, 254, 255 n.2 (2006); *Iqbal*, 556 U.S. at 675–76. To state a *Bivens*

28 claim, the plaintiff must allege facts showing that: (1) a right secured by the Constitution

1    or laws of the United States was violated, and (2) the alleged deprivation was committed
2    by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). *Bivens* claims
3    can only be brought against federal officers in their individual capacity: these claims cannot
4    stand against the United States, or any of its departments, offices, or agencies. *Daly-*
5    *Murphy v. Winton*, 837 F.2d 348, 355 (9th Cir. 1987); *FDIC v. Meyer*, 510 U.S. 471, 485
6    (1994). Here, Plaintiff brings suit against two federal agencies and departments rather than
7    individual federal officials. Accordingly, he also fails to state a plausible claim for relief
8    under *Bivens*.[1] *Iqbal*, 556 U.S. at 678.

9    **C.  Leave to Amend**

10        In light of Plaintiff's *pro se* status, the Court will grant Plaintiff leave to amend to
11   address the deficiencies set forth in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039
12   (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to
13   amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the
14   deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v.*
15   *Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

16   / / /
17   / / /
18   / / /
19   / / /
20
21
22   [1] Moreover, it appears that Defendants may have denied Plaintiff's request for a
     CARES Act payment because it was untimely. The deadline for individuals seeking an
23   economic impact payment under the CARES Act was December 31, 2020. *See* 26 U.S.C.
     § 6428(f)(3)(A); *Ross v. Bolin*, No. 1:21-cv-01753-JLT-SAB, 2022 WL 1750943, at * 6
24   (E.D. Cal. May 31, 2022) (citing *Scholl v. Mnuchin, et al.*, 489 F. Supp. 3d 1008, 1020
25   (N.D. Cal. 2020). In his complaint, Plaintiff alleges that he did not submit his request until
     on May 20, 2021, when he "put in the prison's mail bag a 1040 tax form addressed to the
26   Department of the Treasury Internal Revenue Service in Fresno, Ca. to receive the
27   Coronavirus Aid, Relief, and Economic Security Act (CARES Act) [check]." Compl., ECF
28   No. 1 at 3.

### III.   Conclusion and Order

For the reasons set forth above, the Court:

1)   **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2)   **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3)   **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

4)   **DISMISSES** Plaintiff's Complaint *sua sponte* in its entirety with leave to amend based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5)   **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint correcting all the deficiencies of pleading identified by the Court in this Order. If Plaintiff chooses to file an amended pleading correcting the deficiencies outlined in this Order, his Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").Plaintiff's Amended Complaint must be captioned as his "First Amended Complaint," contain S.D. Cal. Civil Case No. 22-cv-00680-JO-AHG in its caption, and comply both with FED. R. CIV. P. 8 and with S.D. CAL. CIVLR 8.2.a.

1       The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy

2  of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and

3  to assist him in amending should he choose to do so.

4       **IT IS SO ORDERED**.

5

6  DATE:  11/8/22

7                              Hon. Jinsook Ohta

8                              United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:22-cv-00680-JO-AHG